# EXHIBIT G

1099 NEW YORK AVENUE, NW SUITE 900 WASHINGTON, DC 20001-4412

# JENNER&BLOCK LLP

September 18, 2023

**David W. DeBruin**
Tel  +1 202 639 6015
DDeBruin@jenner.com

**BY OVERNIGHT DELIVERY**

The Honorable Merrick Garland
Attorney General of the United States

The Honorable Lisa Monaco
Deputy Attorney General

The Honorable Vanita Gupta
Associate Attorney General

United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

> Re:   **Request of the Cayuga Nation for Tribal Consultation with the Department of Justice**

Dear Attorney General Garland, Deputy Attorney General Monaco, and Associate Attorney General Gupta:

Pursuant to DOJ Policy Statement 0300.01 regarding Tribal Consultation (approved Nov. 30, 2022), the Cayuga Nation—a federally recognized Indian nation located in New York—requests a Tribal Consultation with the Department of Justice regarding the refusal of senior DOJ officials to meet with the Federal Representative of the Cayuga Nation, formally recognized as such by the United States Department of the Interior.

Specifically, The Honorable Trini E. Ross, the United States Attorney for the Western District of New York, has refused to meet with Clint Halftown, the Cayuga Nation's Federal Representative.  In making that decision, the Cayuga Nation believes that Ms. Ross has been advised by other DOJ officials, including Tracy Toulou, the Director of the Office of Tribal Justice.  In refusing to meet, Ms. Ross has declared that there is a leadership dispute within the Cayuga Nation.  However, the Department of the Interior has repeatedly made clear, including in a federal decision issued March 29, 2023:  "On July 13, 2017, the Acting Assistant Secretary for Indian Affairs issued a final agency decision recognizing the Halftown Council as the legitimate Cayuga Nation government."  Letter Decision issued by Bryan Newland, Assistant Secretary–

The Honorable Merrick Garland
The Honorable Lisa Monaco
The Honorable Vanita Gupta
September 18, 2023
Page 2


Indian Affairs, to the Honorable Clint Halftown, Federal Representative, Cayuga Nation, at 3 (Mar. 29, 2023) (attached as Exhibit A, without enclosures).

The position taken by Ms. Ross places the Department of Justice directly at odds with the Department of the Interior, regarding a fundamental issue of Tribal relations:  what governing authority of a sovereign Indian nation does the United States recognize and respect?  For the Cayuga Nation, the Department of the Interior recognizes and respects the Cayuga Nation Council led by Clint Halftown; yet the Department of Justice, acting through senior DOJ officials, does not.  With regard to issues of this kind, however, it is the Secretary of Interior who is expressly charged by Congress with responsibility for "the management of all Indian affairs and of all matters arising out of Indian relations."  25 U.S.C. § 2.

Because the Cayuga Nation requests a Tribal Consultation to discuss DOJ policy that appears to be established by Ms. Ross and Mr. Toulou, the Cayuga Nation requests to meet with DOJ officials other than (or at least in addition to) Ms. Ross and Mr. Toulou.

The refusal of senior DOJ officials to meet with Tribal leaders formally recognized by the Department of the Interior is in direct contravention of this Administration's stated policy.  The White House announced on November 30, 2022:  "Since taking office, President Biden has prioritized relationships with Tribal Nations that are built on respect for Tribal sovereignty and self-governance, honoring federal trust and treaty responsibilities, protecting Tribal homelands, and conducting regular, meaningful, and robust consultation."  The White House, "Biden-Harris Administration Announces New Actions to Support Indian Country and Native Communities Ahead of the Administration's Second Tribal Nations Summit" (Nov. 30, 20220).

There is nothing more demeaning to Tribal sovereignty and self-governance than for the Department of Justice to refuse to meet with the Tribal leaders chosen by the people of a Tribal Nation, as formally recognized by the Department of the Interior.  And there is a practical impact of this refusal of Ms. Ross to meet with Tribal officials to coordinate on the safety and security of the Tribal community.  Given the overlap of criminal jurisdiction on the Cayuga Nation reservation between the Cayuga Nation and the United States, an already challenging public safety environment is made far worse without proper coordination with federal authorities.

Further information is provided below.  The Cayuga Nation looks forward to meeting with appropriate officials of the Department of Justice at your earliest convenience.

**<u>Resolution of Cayuga Nation Leadership Dispute as Recognized by Interior</u>**

The governing body of the Cayuga Nation is the Cayuga Nation Council.  In 2005, the Council split over disputes concerning gaming and a potential settlement of the Nation's longstanding land claim against New York.

The Honorable Merrick Garland
The Honorable Lisa Monaco
The Honorable Vanita Gupta
September 18, 2023
Page 3

At the time, the Cayuga Nation Council consisted of six members.  Ultimately, three of those members aligned on one side of the split and three on the other.  The federal government attempted to mediate the dispute on several occasions, without success.

In 2016, to address a decade-long impasse, Clint Halftown and other Council members proposed to take the leadership dispute directly to the Cayuga people.  The Halftown Council requested and received assistance from the BIA's Division of Tribal Government Services.  The BIA ensured that the opposition group (which it referred to as the Jacobs Council) was aware of the internal Tribal governance process and had the opportunity to participate.  And the opposition group *did* participate—the Jacobs Council sent a letter to all adult Cayuga members, urging them to *reject* the Halftown Council and a written statement of Cayuga Nation governance principles submitted by the Halftown Council.

Ultimately, over 60 percent of all adult Cayuga members chose to recognize the Halftown Council as the Cayuga Nation's rightful government and to support the written statement of Cayuga Nation governance principles.  The BIA reviewed and verified the results.  The BIA invited both sides to submit briefs addressing whether the governance process had been conducted in accordance with Cayuga law.  Both sides did so.  The BIA determined that the Cayuga people had validly resolved the leadership dispute in accordance with Cayuga law, and that the United States would recognize the Halftown Council as the authorized government of the Cayuga Nation.  A copy of the BIA's 2016 decision is attached as Exhibit B.

The Jacobs group appealed the BIA decision to the Interior Board of Indian Appeals and the Assistant Secretary–Indian Affairs took responsibility for the appeal.  Again, both sides submitted extensive briefs in support of their respective positions.  In July 2017, the Assistant Secretary issued a lengthy, final decision for the Department, affirming the BIA determination.  A copy of the Department of the Interior's final decision is attached as Exhibit C.

The Jacobs group challenged Interior's decision in federal court, which affirmed in a published decision.  *Cayuga Nation v. Bernhardt*, 374 F. Supp. 3d 1 (D.D.C. 2019), attached as Exhibit D.  The Jacobs group did not appeal this decision.

Later, then Assistant Secretary–Indian Affairs Tara Sweeney reaffirmed that the United States recognizes the Halftown Council "as the [Cayuga] Nation's governing body without qualification" and that the "Halftown Council is the Nation's government for all purposes."  A copy of Ms. Sweeney's November 2019 letter is attached as Exhibit E.  And as stated above, Interior again confirmed in a March 2023 decision (which accepted certain Cayuga Nation lands into trust) that the Halftown Council is the Nation's government recognized by the United States.

## **Contrary Position Taken by United States Attorney Ross**

Despite the clear and consistent position of the Department of the Interior, DOJ officials have asserted that the Cayuga leadership dispute has *not* been resolved, to this day.  In doing so,

The Honorable Merrick Garland
The Honorable Lisa Monaco
The Honorable Vanita Gupta
September 18, 2023
Page 4


these senior DOJ officials have never addressed the 2016 Cayuga governance process or explained why DOJ—contrary to both Interior and a federal district court—has rejected it.

The issue arose for a time within the FBI, although the FBI later reversed course.  Like many other Indian nations, the Cayuga Nation maintains a Tribal police force, which requested access to the FBI's Criminal Justice Information System ("CJIS") databases.  *See* 28 U.S.C. § 534(d).  The FBI initially denied the Nation's application on the ground that "a leadership dispute still exists within the Nation."  Letter Decision from Trudy Lou Ford, FBI Criminal Justice Information Services Division at 3 (Feb. 4, 2021) (attached as Exhibit F).  The Cayuga Nation challenged that decision in federal court, and the court reversed it.  *Cayuga Nation v. United States*, 594 F. Supp.3d 64 (D.D.C. 2022).  The FBI then approved access to CJIS databases for the Nation.

Unfortunately, the United States Attorney for the Western District of New York— advised by other DOJ officials, the Cayuga Nation believes, including Mr. Toulou—continues to maintain there *is* still a leadership dispute within the Cayuga Nation and therefore is refusing to meet with the Nation's Federal Representative.

It is typical for Tribal nations to consult with the United States Attorney whose district encompasses the Tribal nation's lands.  There often are complex issues of federal, state, and Tribal jurisdiction with regard to Tribal lands, and it is important for there to be a means of dialogue between a Tribal nation and local federal officials.  The complicated jurisdictional landscape is one of the reasons why American Indians generally, and Indigenous women and girls specifically, experience the highest rates of violent crime.  This is one of the reasons Attorney General Garland has teamed up with Secretary of the Interior Deb Haaland to address violence against Indigenous women and girls and the phenomena of Missing and Murdered Indigenous Women.  *See*, *e.g.*, https://www.doi.gov/priorities/strengthening-indian-country/not-invisible-act-commission; https://www.justice.gov/opa/pr/deputy-attorney-general-lisa-monaco-and-secretary-deb-haaland-meet-not-invisible-act.  Ms. Ross's steadfast refusal to meet with the Cayuga Nation leadership as recognized by the Secretary of the Interior undermines the ability to address this and other public safety issues.

As pertinent here, the Cayuga Nation has a reservation in New York—recognized by the Department of the Interior, DOJ, federal courts, and New York state courts—that exists in both Cayuga County, New York (which lies in the federal Northern District of New York) and Seneca County, New York (which lies in the federal Western District of New York).

On November 9, 2021, shortly after Ms. Ross was confirmed as United States Attorney for the Western District of New York, the Cayuga Nation congratulated her appointment and requested an opportunity for her to meet with Mr. Halftown, the Nation's Federal Representative.  Ms. Ross initially responded favorably, but then changed her position, stating that "it has come to my attention that there are two groups within the Cayuga Nation claiming to be the leaders of

The Honorable Merrick Garland
The Honorable Lisa Monaco
The Honorable Vanita Gupta
September 18, 2023
Page 5


the Nation," and that "[a]s I work through this critical issue, I am unable to meet with either group... nor can I support either groups efforts."  Email Correspondence from T.Ross (Jan. 7, 2022), attached as Exhibit G.

Counsel for the Cayuga Nation immediately provided Ms. Ross the decision of the BIA, the final decision of the Department of the Interior, the decision of the United States District Court, and the letter from Assistant Secretary Sweeney described above.  Despite receiving these materials, Ms. Ross responded that "I cannot grant your request to meet at this time."  Email Correspondence from T.Ross (Feb. 6, 2022), attached as Exhibit H.  Ms. Ross did not provide any further explanation for her decision.

After the FBI reversed its position as described above, the Deputy Superintendent of the Cayuga Nation Police Department—who previously had served over 23 years with the FBI—requested to meet with the Law Enforcement Coordinator in Ms. Ross's office.  The Law Enforcement Coordinator recently responded, however, that "[t]he guidance from my office is not to meet with you at this time" and that "[o]ur meeting could be misconstrued that we are taking sides in the situation, we cannot meet with either side until there is clarification of leadership in the Cayuga's."  Email correspondence from S.Palmiere (Jun. 2, 2023), attached as Exhibit I.

It is intolerable that it is the policy of the Department of Justice to refuse to meet with the Federal Representative and other officials of the Cayuga Nation formally recognized by the Department of the Interior.  Pursuant to DOJ Policy Statement 0300.01, the Cayuga Nation requests a Tribal Consultation regarding this DOJ policy, which has significant impacts on the Cayuga Nation.

Sincerely,

David W. DeBruin
Counsel for the Cayuga Nation


cc:    Clint Halftown
       Federal Representative
       Cayuga Nation